[Civ. No. 17736. Third Dist. May 10, 1979.]

VICTOR BLUESTEIN, Plaintiff and Appellant, v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Respondent.

**COUNSEL**

Loren E. McMaster and Philip E. Callis for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and M. Anthony Soares, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**PARAS, J.**—Plaintiff Victor Bluestein, a retired state civil service employee after over 26 years of service, appeals from a judgment denying his petition for writ of administrative mandate. (Code Civ. Proc., § 1094.5.) He claims that in connection with his retirement benefits he is entitled to service credit for a six-month period from February to July 1950 when he was employed as a professional interne at Camarillo State Hospital. During this period plaintiff received room and board for his services but no money.

We agree with the trial judge that plaintiff is not entitled to such credit, since such employment was not for compensation within the meaning of Government Code sections 20022 and 20801. In fact, we cannot analyze the matter more succinctly and clearly than did the trial judge in her "Memorandum Decision," which with very minor editing changes we herewith adopt as follows: The sole legal issue involved herein is whether room and board alone without a salary or cash payment constitutes "compensation" within the meaning of Government Code sections 20022 and 20801. If so, plaintiff may be entitled to service credit for six months in 1950 when acting as an interne at Camarillo State Hospital. He received only room and board (maintenance) while so engaged.

Section 20022 provides that " 'compensation' means the remuneration paid in cash . . . plus the monetary value . . . of living quarters, board, lodging . . . and other advantages . . . in payment for . . . services."

Plaintiff contends room and board alone constitute compensation, within section 20022. He misconstrues the word "plus." The statute does not read "cash . . . *or* the monetary value . . . of living quarters, board, lodging." (Italics in original.) It says "plus" which means "in addition to."

Clearly the primary criterion is a salary or wage paid in cash. The "plus" items are to give the recipient a higher base.

The judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.